# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JOHN S. MCPHEE,

       Claimant-Appellant,

v

ROBERT GITTLEMAN LAW FIRM, PC,

       Employer-Appellee,

and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

       Respondent-Appellee.

UNPUBLISHED
September 20, 2016

No. 326371
Oakland Circuit Court
LC No. 2012-125302-AA

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Claimant appeals by leave granted[1] the circuit court's order reversing the decision of the Michigan Compensation Appellate Commission (MCAC) and finding that claimant was not entitled to unemployment insurance benefits because he voluntarily left his employment. Claimant, on appeal, argues that the circuit court erred in reversing the MCAC's decision because it erroneously applied the standard of review. This case returns to this Court after we previously remanded it to the circuit court. See *McPhee v Robert Gittleman Law Firm, PC*, unpublished opinion per curiam of the Court of Appeals, issued September 16, 2014 (Docket No. 314452), p 1. We vacate the order of the circuit court, and remand to the trial court for entry of an order affirming the decision of MCAC.

---

[1] *McPhee v Robert Gittleman Law Firm, PC*, unpublished order of the Court of Appeals, entered September 24, 2015 (Docket No. 326371).

Claimant argues that the circuit court erred by incorrectly applying the substantial evidence standard of review in determining whether the MCAC's determination should have been reversed or upheld. We agree.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Braska v Challenge Mfg Co*, 307 Mich App 340, 351-352; 861 NW2d 289 (2014) (citation and quotation marks omitted). "In other words, the circuit court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error." *Id.* at 352. "[A] finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Boyd v Civil Service Com'n*, 220 Mich App 226, 235; 559 NW2d 342 (1996).

On the other hand, a circuit court's review of the ALJ's and the MCAC's decisions are governed by MCL 421.38(1), which provides, in relevant part, the following:

> The Circuit Court . . . may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to that order or decision as justice may require, *but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.* [Emphasis added.]

"Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 584; 701 NW2d 214 (2005) (citation and quotation marks omitted). "If there is sufficient evidence, the circuit court may not substitute its judgment for that of the agency, even if the court might have reached a different result." *Id.*

MCL 421.29(1)(a)—a provision of the Michigan Employment Security Act[2]—provides that a person is disqualified from receiving unemployment benefits if the person "[l]eft work voluntarily without good cause attributable to the employer or employing unit." Moreover, a person is disqualified from receiving benefits if that person "[w]as suspended or discharged for misconduct connected with the individual's work or for intoxication while at work." MCL 421.29(1)(b).

The circuit court erred by failing to properly apply the substantial evidence standard of review. The MCAC held the following as to claimant's case:

---

[2] MCL 421.1 *et seq.*

Before a matter can be resolved under Section 29(1)(a), the Employer must first establish that the Claimant voluntarily left. The Employer asserts the Claimant resigned when he announced his judicial candidacy and indicated the Employer might want to consider finding a replacement. If the Claimant had told the Employer he would be leaving regardless of the outcome of the election and that the Employer should hire a replacement, we would agree. However, the Claimant merely informed the Employer of his candidacy and advised that it make contingency plans in the event he won. Accordingly, we find this matter must be resolved as a discharge under the misconduct provision of the MES Act, Section 29(1)(b).

* * *

The Employer discharged the Claimant immediately after he lost his judicial campaign. While we can understand the frustration the Employer might have felt over the inconvenience of possibly losing its only associate, the running for judicial office does not reflect a willful disregard for the Employer's interest, but ambition. Absent evidence that the Claimant's campaign adversely affected the conduct of his work, we cannot find the Claimant should be disqualified for benefits under the misconduct provision of the MES Act, Section 29(1)(b).

Yet, the circuit court, in its review of the MCAC's decision, stated, "this Court finds that the competent, material, and substantial evidence on the whole record clearly supports that Claimant voluntarily resigned from his position with Employer and actively assisted Employer to find his replacement." The circuit court did not actually review whether the MCAC's determination that claimant was terminated was supported by competent, material, and substantial evidence on the whole record. Instead, the circuit court, on its own accord, reviewed whether claimant voluntarily left employer and thus disqualified himself from unemployment insurance benefits. In other words, the circuit court did not ask whether the evidence presented supported the conclusion that claimant was fired, but instead asked whether the presented evidence supported the conclusion that claimant voluntarily left—two complementary, but inherently different inquiries.

In light of the fact that the trial court has twice failed to perform an adequate analysis of this issue, we review the merits of the issue, rather than ordering the court to do so on remand. Here, the MCAC's conclusion was supported by competent, material and substantial evidence on the whole record. Again, this standard requires minimal evidence: "Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *Vanzandt*, 266 Mich App at 584 (citation and quotation marks omitted). At the ALJ hearing, claimant testified that he told employer, "If I happen to win, I will be leaving after Thanksgiving. That will give me time to train my replacement and go to the Supreme Court Order of the Judicial training classes that they have in December." Thus, claimant explicitly made his offer to leave conditional on a successful election campaign. Indeed, employer never presented evidence that claimant had *unconditionally* offered to quit regardless of the election outcome. Employer's manager, Robert Gittleman, merely testified that claimant was extremely confident about his chances of winning the election. Admittedly, claimant's offer to assist in hiring a replacement militates against the

-3-

conclusion that claimant was fired. However, as explained, there was evidence to support the MCAC's conclusion that claimant did not voluntarily depart. MCL 421.29(1)(a). Indeed, the relevant evidence in the record could support a finding that claimant had voluntarily resigned and could also support a finding that he had been discharged by employer after losing the election. Regarding MCL 421.29(1)(a), there was evidence that claimant was discharged, as employer told him not to come back to work after he lost the election. Under the appropriate standard of review, such a conclusion demands affirmance of the MCAC's decision. "If there is sufficient evidence, the circuit court may not substitute its judgment for that of the agency, *even if the court might have reached a different result*." *Vanzandt*, 266 Mich App at 584 (emphasis added).

We vacate the order of the circuit court, and remand to the trial court for entry of an order affirming the decision of MCAC. We do not retain jurisdiction. Claimant, the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood